NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>Paxton Jeffrey Anderson,<br><br>Defendant/Movant. | No. CV-19-02142-PHX-SRB<br>CR-12-01606-001-PHX-SRB<br><br>**ORDER** |

Defendant/Movant Paxton Anderson filed his Motion Under 28 U.S.C. § 2255 on March 29, 2019 raising six claims of ineffective assistance of trial counsel. Defendant claims his trial counsel was ineffective for allowing a plea offer to expire without acceptance, by failing to timely act resulting in the exclusion of a key defense expert witness, by failing to use documents and materials and an expert he supplied to his counsel, by failing to investigate, by failing to properly cross-examine and impeach government witnesses, and by failing to properly cross-examine other prosecution witnesses. The government responded in opposition on September 5, 2019. Defendant replied on December 10, 2019 and also filed a Citation of Supplemental Legal Authority on October 7, 2019.

The Magistrate Judge issued her Report and Recommendation on June 25, 2020 finding that the claims of ineffective assistance of counsel lacked merit and did not warrant an evidentiary hearing. She recommended that the § 2255 Motion be denied and that a Certificate of Appealability also be denied.  Defendant filed timely written Objections on

August 17, 2020. Defendant also filed a Citation of Supplemental Legal Authority which is nearly identical to the one filed on October 7, 2019. The government has not responded to the Objections.

In his Objections, Defendant only raises objections related to the Magistrate Judge's recommended denial of several of the grounds raised in his § 2255 Motion. His objections are limited to the alleged ineffective assistance related to the unaccepted plea offer, the exclusion of the defense expert witness, and the alleged failure of the Magistrate Judge to address his Supplemental Citation of Authority which shows the government was without jurisdiction to prosecute him because his lender was not an FDIC insured institution.

**The Favorable Plea Offer**

As detailed by the Magistrate Judge, the Government made a plea offer to Defendant in June 2013 which Defendant had until August 2013 to accept. Defendant claims, without evidence, that his counsel has admitted he failed to properly pursue the plea offer. Defendant has offered his own declaration wherein he states "[t]hat despite repeated inquiries from [Defendant], defense counsel failed to communicate his client's acceptance of the plea offer until after the deadline for acceptance expired." (Doc. 4, Motion to Amend Motion to Vacate Set Aside or Correct Sentence Pursuant to 28 U.S.C. §2255, Instanter, at 3) The Report and Recommendation exhaustively discusses the evidence surrounding plea negotiations in both 2013 and shortly before trial in 2014, quoting several pages of transcript of a court hearing wherein the status of plea negotiations was discussed in Defendant's presence.

While Defendant now claims the June 2013 plea offer was never communicated to him and he remained silent at the court hearing when his counsel made an untruthful statement to the court regarding his interest in a plea agreement, the evidence is decidedly to the contrary. Defendant's declaration signed on May 22, 2019 does not say that the plea offer was not communicated to him. Rather it suggests that the plea offer was

communicated to him because Defendant says he made repeated inquiries of his counsel but counsel failed to communicate his acceptance of the plea offer until after it had expired. Defendant could not have requested his counsel to communicate his acceptance of the June 2013 pleas offer if he had not known about it. The evidence cited by the Magistrate Judge also supports the findings that Defendant knew about the various plea offers, that Defendant knew it was his decision whether to accept or reject them and that Defendant never accepted a Government offer but instead elected to proceed to trial.

Because there is no factual support for Defendant's claim that the June 2013 plea offer was never presented to him by his counsel and no factual support for his claim that he wanted to accept the plea offer before it expired, there can be no ineffective assistance of counsel in allowing the plea offer to expire without acceptance. The objection is overruled.

### Exclusion of defense expert witness

The defense retained Roger Brown, a financial expert witness. He was precluded from testifying at trial because he was not timely disclosed. Defendant argued in his § 2255 Motion that the preclusion of his financial expert left him virtually helpless in countering the Government's financial experts who testified Defendant used his business funds to purchase racehorses, engage in gambling and participate in other unsavory activities. He also claims that he was exposed to a much higher restitution amount because his expert was not permitted to testify.

The Magistrate Judge concluded that Defendant did not satisfy *Strickland's*[1] prejudice prong because he did not show that there was a reasonable probability that without the preclusion of his expert the result at trial would have been different. In support the Magistrate Judge cited that the defense expert was allowed to assist defense counsel during the trial and defense counsel effectively cross-examined the government's financial

---

[1] *Strickland v. Washington,* 466 U.S. 668 (1984)

expert, that the defense expert's proposed testimony primarily related to restitution and that the expert's evidence was considered by the Court in determining both the loss amount for purposes of the sentencing guideline calculations and for restitution.

Defendant's objections focuses on the failure of defense counsel to timely disclose the expert and essentially asks the Court to assume prejudice. Defendant does not address at all the findings of the Magistrate Judge that fully support her conclusion that the failure of counsel to make a timely disclosure of the expert has not been shown by Defendant to have resulted in prejudice; that is, Defendant has not shown that the result at trial would probably have been different if his expert had been permitted to testify. The objection relating to the preclusion of the defense financial expert is overruled.

**Defendant's Citation of Additional Authority**

Defendant objects to the Magistrate Judge's failure to address his claim that the Government failed to prove that federally insured institutions were impacted by Defendant. Defendant believes that his October 7, 2019 filing entitled "Citation of Supplemental Legal Authority" (Doc. 14) was required to be addressed by the Magistrate Judge. It was not.

There is no claim before the Court in this § 2255 Motion concerning the FDIC and whether Defendant's lenders were federally insured. The filing of a Citation of Supplemental Legal Authority citing and attaching a Sixth Circuit opinion is not an amendment of Defendant's § 2255 Motion. Defendant twice sought and was granted permission to amend his § 2255 Motion. (Docs. 4 and 13). The first Motion to Amend consisted of Defendant's Declaration and the second was the attachment of additional materials. (*See,* also Docs. 7 and 15). In neither case were additional grounds for relief raised. But more importantly, filing these Motions to Amend demonstrates Defendant's awareness of the necessity of such a motion to bring further claims or evidence before the Court. A Supplemental Citation of Authority is not a new or amended claim but a way to bring legal authority not previously cited to the Court's attention.

Moreover, any issue about the sufficiency of the evidence at trial of the FDIC insured status of Defendant's lenders was raised and decided on appeal. Addressing this claim, the Court of Appeals held that there was sufficient evidence for the jury to conclude as to all Counts but Count I that M&I Bank and Tier One were the lenders and were FDIC insured institutions. (CR 12-1606 Doc. 510-2 at 3) Defendant's objection concerning his Citation of Supplemental Authority is overruled.

**IT IS ORDERED** overruling Defendant's Objections to the Report and Recommendation of the Magistrate Judge.

**IT IS FURTHER ORDERED** adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is denied.

**IT IS FURTHER ORDERED** denying a Certificate of Appealability because Defendant has not made a substantial showing of the denial of a constitutional right.

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly.

Dated this 21st day of September, 2020.

_____
Susan R. Bolton
United States District Judge